**Alson T. WAHRLICH, Petitioner-Appellant,**

v.

**STATE OF ARIZONA, A. E. "Bud" Gomes, Superintendent, Arizona State Prison, Respondent-Appellee.**

**No. 72-1638.**

United States Court of Appeals, Ninth Circuit.

Argued Feb. 7, 1973.
Decided June 4, 1973.

Andrew Silverman (argued), Post Conviction Legal Assistance Clinic, Tucson, Ariz., for petitioner-appellant.

Thomas A. Jacobs, Asst. Atty. Gen. (argued), Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before CHAMBERS and HUFSTEDLER, Circuit Judges, and FERGUSON,[*] District Judge.

OPINION

PER CURIAM:

Wahrlich's petition for federal habeas relief from a conviction for kidnapping in a state court in Arizona was denied, and he appeals. He contends that the state court's refusal to receive psychiatric testimony offered to prove that he was incapable of forming the specific in-

---

[*] Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

tent that is an element of the offense denied him due process and equal protection secured by the Federal Constitution.

■ Wahrlich did not rely on an insanity defense, and the evidence was not offered to prove either insanity or diminished capacity. His theory is that the expert testimony offered was relevant to show that he could not have harbored the requisite "intent to hold or detain" the victim and that the rejection of the testimony deprived him of his due process right to introduce all evidence tending to disprove an essential ingredient of the offense. The argument is logical, and it has been skillfully presented, but we reject it.

■■ We do not admit all evidence that is competent and probative in a criminal trial. A wide assortment of relevant evidence is deliberately excluded by reason of counterbalancing factors that are believed to be of greater moment than the unfettered admission of relevant testimony. Among the considerations that we have taken into account in refusing to accept Wahrlich's argument are these: (1) in the interest of harmonious federal-state relations, federal courts should not unnecessarily interfere with the state's trial of criminal cases; (2) courts should be extremely reluctant to constitutionalize rules of evidence; (3) the state of the developing art of psychiatry is such that we are not convinced that psychiatric testimony directed to a retrospective analysis of the subtle gradations of specific intent has enough probative value to compel its admission.

■ Alternatively, Wahrlich contends that Arizona's admission of the evidence of age and of intoxication for the purpose of determining specific intent and its exclusion of psychiatric evidence offered for the same purpose create an unreasonable or arbitrary classification. We think not. Exposure to the effects of age and of intoxicants upon state of mind is a part of common human experience which fact finders can under-

stand and apply; indeed, they would apply them even if the state did not tell them they could. The esoterics of psychiatry are not within the ordinary ken. The differences are sufficiently manifest to thwart constitutional attack.

Affirmed.